228 N.J. Super. 522 (1988)
550 A.2d 502
BERNARD SCHWAM, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
TOWNSHIP OF CEDAR GROVE, DEFENDANT-APPELLANT-CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1988.
Decided November 7, 1988.
*524 Before Judges PETRELLA and GRUCCIO.
Michael D. Sullivan argued the cause for appellant-cross-respondent (Stickel, Koenig & Sullivan, attorneys; Michael D. Sullivan, on the brief).
Steven R. Irwin argued the cause for respondent-cross-appellant (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, on the brief).
PER CURIAM.
The Township of Cedar Grove has appealed from the determination of the Tax Court that the occupancy of 16 condominium units in a 56 unit complex (recently converted from garden apartment status) by qualified tenants under the Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.22 et seq., affected not only the price paid for the units, but also their market value. The Tax Court determined that the true value of the units for property tax purposes on the 1985 assessment was the selling price. Bernard Schwam, the purchaser of the 16 condominium units which were subject to the *525 protected tenancies,[1] cross-appeals on the ground that he was improperly denied spot assessment relief. The facts are set out at length in the well written opinion of Judge Crabtree in the Tax Court which appears at 9 N.J. Tax 406 (Tax Ct. 1987).
On this appeal Cedar Grove argues that the Tax Court judge erroneously excluded the protected tenant's leasehold interest in determining true value; that the uncontroverted expert testimony substantiated the assessor's 1985 assessment; and that the Tax Court erroneously found that one of the 16 units was occupied by a senior citizen entitled to protection. The cross-appeal essentially argues that the assessor's action in increasing the 1985 valuations violated the uniformity provisions of the New Jersey Constitution (1947), Art. VIII § 1, par.1 and the dictates of Baldwin Construction Co. v. Essex County Board of Taxation, 16 N.J. 329, 343 (1954).
With respect to the municipality's direct appeal, we affirm substantially for the reasons expressed by Judge Crabtree in his published opinion. We also note in passing that the Supreme Court in Inmar Associates Inc. v. Borough of Carlstadt, 112 N.J. 593, 604 (1988), recognized that governmental restrictions may impact on the valuation of real property for tax purposes.
We add the following brief comment about the argument that one of the 16 units occupied by a senior citizen was not entitled to protected status. The parties agree that 15 of the 16 units were occupied by senior citizens entitled to protective status, but the status of the 16th unit was not clearly determined below. At the trial in the Tax Court plaintiff proceeded as if all 16 were subject to protected tenancies. His request for leave to submit additional documentation was denied by the tax *526 judge. Defendant's expert assumed all 16 units were subject to the statute.
We recognize that plaintiff had the burden to establish that the county board of taxation's determination in upholding the assessment was erroneous. Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985). Nevertheless, there is sufficient credible evidence in the record to support the judge's finding that all 16 units were protected tenancies, and accordingly, we accept his findings. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
On the cross-appeal plaintiff argues that his property was singled out for a selective or spot assessment in violation of constitutional provisions. He argues that the tax assessor improperly increased the assessment merely because the property was converted to condominium status. Despite the relief afforded by N.J.S.A. 54:51A-6, plaintiff argues that the property should be pro-rata assessed based on the complex's pre-conversion assessment rate. This would result in restoring the pre-conversion assessment divided among the 56 units to comply with N.J.S.A. 46:8B-19 which requires separate assessments for each condominium unit.
Judge Crabtree rejected plaintiff's argument in favor of the "Chapter 123" (L. 1973, c. 123) (N.J.S.A. 54:51A-6) approach in accordance with Murnick v. Asbury Park, 95 N.J. 452 (1984). 9 N.J. Tax at 418.
We find it significant with respect to condominiums that the Legislature amended N.J.S.A. 46:8B-19 by L. 1975, c. 2, § 1, to delete a provision which had directed that the aggregate assessment of all condominium units was not to exceed the assessment for tax purposes without regard to the condominium act. The deletion of that sentence by the Legislature removed the pre-conversion assessment as a post-conversion total aggregate assessment ceiling. Troy Village Realty Co. v. Springfield Tp., 191 N.J. Super. 559, 564 (App.Div. 1983), certif. den. 96 N.J. 302 (1984). In the case before us the tax assessor properly *527 valued the individual units as required by N.J.S.A. 46:8B-19, as amended in 1975. More than an increase in value and the amount of the assessment was involved here. There was a change in status and form[2] of the building from apartments to condominiums which was sufficient to invoke the statute and require valuation of the units as separate entities.
Here the application of the Chapter 123 remedy has compensated plaintiff for defendant's assessment discrimination. To restore plaintiff's property to the pre-conversion assessment would be improper here because the status of the apartments as such has been changed by the condominium law, and to do so would fly in the face of the clear legislative intent of the 1975 amendment to N.J.S.A. 46:8B-19. As we stated in Cigolini Assoc. v. Fairview, 208 N.J. Super. 654, 665 (App.Div. 1986):
If we reached any other conclusion we would contravene the policy of this State to place condominium owners on the same legal basis, insofar as consistent with the special problems of condominiums, as other owners of real property.
Contrary to plaintiff's argument, the fact that 16 condominium units are occupied by protected senior citizens is irrelevant. Moreover, as stated by Justice Pollock in Murnick:
Not every deviation ... is of constitutional dimension. Mathematical precision is not required. .. . Substantial, although imperfect, justice satisfies the constitutional mandate. [95 N.J. at 459 (Citations omitted)]
By virtue of N.J.S.A. 46:8B-19 conversions to condominiums are treated equally and are valued as separate units based on their valuation on the appropriate assessing date. We thus need not address the further constitutional argument raised by plaintiffs in reliance on Baldwin Construction Co. v. Essex County Bd. of Taxation, 16 N.J. 329 (1954), or the spot assessment challenge. See Inwood Owners v. Little Falls, 216 *528 N.J. Super. 485, 494 (App.Div. 1987), certif. den. 108 N.J. 184 (1987); Frieman v. Randolph Tp., 216 N.J. Super. 507 (App. Div. 1987), certif. granted 108 N.J. 665 (1987), appeal dismissed 110 N.J. 294 (1988); Ocean Pines, Ltd. v. Boro. of Pt. Pleasant, 213 N.J. Super. 351 (App.Div. 1986), aff'd 112 N.J. 1 (1988).
Although it is thus not necessary to decide the spot assessment issue in this case, we note that assessors are prohibited from arbitrarily singling out property for increased assessment. Berkley Arms Apartment Corp. v. Hackensack, 6 N.J. Tax 260, 267 (Tax Ct. 1983); see Tall Timbers, Inc. v. Vernon Tp., 5 N.J. Tax 299, 310 (Tax Ct. 1983). On the other hand, assessors do have a statutory obligation to monitor all available indicia of property value[3] and to correct inequities in tax years other than years of district-wide revaluations. N.J.S.A. 54:4-23.
This is not to say, however, that in situations not involving condominium conversions the mere recording of a deed and receipt by the tax assessor of an abstract of title warrants new individual assessments limited to that property (to the exclusion of comparable properties at lower assessments) as opposed to general revaluation. Such action may very well run afoul of Baldwin and constitutional provisions if equality means relative equality to other properties, notwithstanding the present availability of the Chapter 123 remedy. See In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 28 (1961), where former Chief Justice Weintraub stated: "Nothing short of complete revaluation, parcel by parcel, plus appropriate measures to keep the rolls current can achieve equality."
AFFIRMED.
NOTES
[1] He was a principal owner of the apartment complex which transferred ownership of the property.
[2] See Cigolini Associates v. Fairview, 208 N.J. Super. 654, 664 (App.Div. 1986); Veltri v. Norwood, 195 N.J. Super. 406, 413 (App.Div. 1984) ("The expression `converting a building to a condominium' ... can mean a change in the legal form of ownership or it can mean a change in the use of the building.").
[3] Where recent market values show a general increase in value, it may be that the tax assessor should be alerted to the need of a general revaluation.