LASSER, P.J.T.C.
These cases involve a small strip-shopping center known as Green Hills Shopping Center, which was converted from single ownership to condominium ownership in 1986 by a master deed dated July 14, 1986 and recorded July 16, 1986 in the office of the Morris County Clerk. The property consists of 16 store units and is the subject of 13 complaints filed by the condominium owners contesting their 1988 real property tax assessments. The property is located at 146 Parsippany Road and is known as Block 387, Lots 1 C001 through 1 C016.[1]
Each of the 11 units in contest with 25-foot frontage is assessed at:
[[Image here]]
Two units having 50-foot frontage are each assessed at:
[[Image here]]
*59 On appeal to the Morris County Board of Taxation the assessments were affirmed. The common level range of assessment for Parsippany-Troy Hills as promulgated by the Director of the Division of Taxation for the year 1988 pursuant to N.J.S.A. 54:l-35b is:
[[Image here]]
The 1986 assessment on the property as of October 1, 1985, before conversion to condominium ownership, was $1,584,200. On July 14, 1986 the shopping center sold for $3,700,000. The purchaser converted the property to condominium ownership and proceeded to market the store units. For tax year 1987 the assessor, as required by N.J.S.A. 46:8B-19, assessed each condominium unit separately. At the time in 1986 that the assessor established the 1987 assessments the sales of the units had apparently not been reported to him, and he therefore allocated the 1986 assessment of $1,584,200 among the 16 units as the 1987 assessments. By October 1, 1987 the assessor apparently had sufficient information from the sales of the condominium units to establish assessments for the 1988 year based on his estimate of the value of these units.[2]
Sales of the condominium units occurred from 1986 through 1988, with 13 of the sales occurring between October 22, 1986 and December 31, 1986. Units with 25-foot frontage range in size from 2,242 square feet to 2,552 square feet. Eleven units sold for $220,000 each, two slightly larger units sold for $230,-000 and $250,000, and an end unit sold for $266,000. Two 50-foot units, each containing 3,783 square feet, sold for $530,-000 each. The ratio of the 1988 assessments to their respective sale prices ranged from 53.76% to 65%.
*60 The case was submitted to the court without trial based on stipulated facts, letter briefs and oral argument pursuant to R. 8:8-l(b). The parties have stipulated the following.
1. In the absence of a condominium conversion, it is not the usual practice of the assessor to change an assessment merely because of a sale of the property. In fact, the 1986 sale of the property did not trigger a reassessment.
2. The subject property was in commercial use before it was converted, and individual units continue in commercial use after conversion.
3. It is agreed that valuation is not an issue in these appeals.
The parties agreed that the 13 cases would be consolidated and heard together. A transcript of the hearing before the Morris County Board of Taxation and a plot plan of the property were stipulated into evidence.
Taxpayers contend that the 1988 assessments which aggregate $2,691,000 must be set aside and each assessment reduced to its 1987 assessment (a total of $1,584,200). Taxpayers seek this result based on West Milford v. Van Decker, 235 N.J.Super. 1, 561 A.2d 607 (App.Div.1989), certif. granted 118 N.J. 221, 570 A.2d 976 (1989). Taxpayers argue that the tax assessor increased the assessments based on the sales of the subject units without a complete municipal-wide revaluation or reassessment, that this is a discriminatory action by the assessor and that Van Decker dictates that the assessments be returned to their 1987 figures.
This case is distinguishable from Van Decker. The subject is a commercial property which has been converted to condominium ownership. There is no proof that there were other strip-shopping centers in the taxing district in condominium ownership. There is no proof that these taxpayers have been treated differently from others in the taxing district or that the subject assessments are out of line with others in the taxing district. The only proof of value in this case are the 16 sales in the subject property, 13 of which occurred within a two-month *61 period from October 22 through December 31, 1986. There is no proof of any ratio or common level other than the Director’s ratio promulgated for the year 1988. The Morris County Board of Taxation affirmed the assessments and the presumption of correctness which attaches to that affirmance has not been overcome by taxpayers.
Taxpayers take the position that there must be a change in the use of the property in order to justify a change in assessment. Taxpayers seek to distinguish Schwam v. Cedar Grove, 9 N.J. Tax 406 (Tax Ct.1987), aff'd 228 N.J.Super. 522, 550 A.2d 502 (App.Div.1988), certif. den. 115 N.J. 76, 556 A.2d 1219 (1989). In Schwam, the court held that where property is converted to a condominium form of ownership there is a change in its legal status which requires a separate valuation of each newly-created unit based on the valuation on the appropriate assessing date. 228 N.J.Super. 522, 527, 550 A.2d 502. Taxpayers seek to distinguish Schwam on the ground that in that case the character of the property changed from commercial to single-family residential, while in the subject case the character of the property was commercial before and after condominium conversion. Actually, in Schwam the property did not change; it was multi-family residential before and after conversion. Taxpayers’ argument is without merit. In both Schwam and the subject, the condominium conversion resulted in a change in the type of ownership, but not a change in use.
Taxpayers’ counsel sidesteps the question of the value of each condominium unit by saying that valuation is not in issue. In taking this position he is proposing that if an assessment is erroneous, the erroneous assessment must remain unchanged if the same use continues after a condominium conversion.
The property was converted to condominium ownership but the previous assessment was carried forward, apparently because the assessor did not have the benefit of the sales of these condominium units by which to judge their value. When there were sufficient sales to permit the assessor to judge their value he changed the assessment accordingly. The assessment on *62 each unit appears to be approximately 65% of the value of the unit. This ratio is almost identical to the 1988 common level ratio established by the Director of the Division of Taxation in April 1988 after the subject 1988 assessments had been made.
The change in legal status to condominium ownership requires that the units be individually assessed. It is this change that imposes the requirement of a change in the assessment. To ignore the change in legal form of ownership and its effect on the market value of each unit in favor of apportioning the old assessment on the property among the units “would contravene the policy of this State to place condominium owners on the same legal basis, insofar as consistent with special problems of condominiums, as other owners of real property.” Cigolini Associates v. Fairview, 208 N.J.Super. 654, 665, 506 A.2d 811 (App.Div.1986).
Under the facts of this case taxpayers cannot complain about a change in assessment occasioned by conversion of the property to condominium use based upon the purchase prices of the condominium units adjusted to the common level ratio promulgated by the Director of the Division of Taxation where there is no proof to the contrary of the value of the property and no contest of the common level ratio to which the value must be adjusted.
The judgment of the Morris County Board of Taxation is affirmed, and the Clerk of the Tax Court is directed to enter judgment accordingly.

No complaints were filed contesting the assessments on Lots 1 C007, 1 C012 or 1 C015.

 The 1987 and 1988 assessments were made by a former assessor. The actual method that he used in arriving at the 1987 and 1988 assessments is not in evidence.