213 N.J. Super. 351 (1986)
517 A.2d 472
OCEAN PINES, LTD., PLAINTIFF-APPELLANT,
v.
BOROUGH OF POINT PLEASANT, DEFENDANT-RESPONDENT,
v.
W. CARY EDWARDS, ATTORNEY GENERAL, DEFENDANT-INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1986.
Decided October 22, 1986.
*352 Before Judges FURMAN, DREIER and SHEBELL.
Steven R. Irwin and Daniel D. Cronheim, argued the cause for appellant (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, on the brief).
Scott D. Buchholz argued the cause for respondent (Lomell, Muccifori, Adler, Ravaschiere & Amabile, attorneys; Scott D. Buchholz, on the brief).
Harry Haushalter, Deputy Attorney General argued the cause for intervenor-respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Michael R. Clancy, Deputy Attorney General, of counsel, Harry Haushalter, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff has appealed from a judgment of the Tax Court dismissing plaintiff's complaint for failure to comply with N.J.S.A. 54:4-34. Plaintiff contends that the trial judge misapplied the statute, but, if the judge correctly applied the statute, then the statute itself is unconstitutional.
*353 On February 15, 1984, plaintiff purchased a garden apartment complex in the Borough of Point Pleasant. In late March or early April, the principal tax assessor requested income and expense data for the complex. The written request, sent by certified mail, was received by plaintiff April 6, 1984, but plaintiff made no response. Nonetheless, on August 15, 1985, plaintiff filed a petition with the Ocean County Board of Taxation requesting the reduction of its assessment. The purchase price had been $795,000; the new assessment was for $692,700; and plaintiff requested a reassessment for $229,500. The assessment immediately prior to plaintiff's purchase had been for $500,800. Plaintiff subsequently appealed to the Tax Court and requested reassessment for $627,794. The "Chapter 123 ratio" in effect in the Borough in 1984, when the 1985 assessment was established, was 90.63%. The sole substantive point raised by plaintiff in its brief on appeal before the Tax Court was that the municipality improperly failed to apply the Chapter 123 ratio to the value set by the appraiser, and that it was entitled as a matter of law to have the ratio applied and the valuation so reduced. At oral argument below plaintiff also urged that the reassessment after sale was an unjustified "spot assessment." The Borough argued that plaintiff is precluded by N.J.S.A. 54:4-34 from appealing. The State has intervened here to uphold the constitutionality of the statute, since plaintiff had conditionally attacked the statute if it is interpreted as precluding all appeals.
N.J.S.A. 54:4-34, as amended by L. 1979, c. 91, § 1, commonly known as "Chapter 91," limits the right to appeal the valuation of income-producing property as follows:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession *354 or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
We agree with the trial judge that generally where plaintiff challenges the assessment of its income-producing property, there is to be no appeal permitted where the owner has failed to respond to a timely request by the assessor, absent a showing of "good cause" that the information could not be furnished within time. Under the facts of this case, the Tax Court correctly held that plaintiff, having failed to satisfy the "good cause" provision, should not be permitted to submit data or experts to interpret the same to support an alternate assessment.
Notwithstanding a single provision in the legislative statement attached to the original bill that the hearing on the appeal would be precluded "unless and until the required information is provided," we disagree with plaintiff's contention that there is merely a deferral of the hearing until the information is submitted. Subject to the "good cause" relaxation provided in the statute, the plain meaning of the statute precludes appeals asserting claims for revaluation based upon the economic data withheld by the taxpayer. The statutory timetable imposed upon an assessor to assemble data preparatory to making assessments precludes our interpreting the statute to permit attenuated periods where assessments would be considered merely tentative. In fact this was the very situation that Chapter 91 was enacted to avoid.
We further determine that neither plaintiff's procedural nor substantive due process rights were violated by a strict enforcement of N.J.S.A. 54:4-34, since there is within its terms a relaxation provision. Also, the assessment permitted by the *355 statute when the taxpayer fails to comply is a valuation of the "property at such amount as [the assessor] may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof." This is in full compliance with N.J. Const. (1947) Art. VIII, § 1, par. 1(a). Therein, however, lies the single possible fallacy in the trial judge's blanket preclusion of appeal except for good cause shown concerning the unavailability of financial data. The taxpayer should still be able to appeal the reasonableness of the assessment based upon the data available to the assessor.
Had the assessor valued plaintiff's property at 10 times its purchase price, there is no question that the assessor could be said to have violated the separately-stated standard of the statute itself, and unreasonably determined the full and fair value of the property. Violations of the statute's standard of reasonableness must be judicially reviewable. Otherwise, there would be no check upon the assessor's compliance with the express standard of the statute. Limiting the claim to one of unreasonableness gives full effect to the preclusion in Chapter 91 and imposes no additional burden upon the assessor to assemble data. The taxpayer in any ensuing appeal would not be permitted to supply new income or expense data or expert interpretations thereof, but should be heard to assert that the data used by the assessor did not reasonably justify the results reached. Were the rule otherwise, the statute, contrary to its terms, would authorize assessments in violation of the N.J. Const. Art. VIII, § 1, par. 1(a) and N.J.S.A. 54:4-23.
The Constitution requires the imposition of a Chapter 123 ratio. Where there is significant disparity, failure to apply this ratio might similarly cause an overvaluation of the property and a constitutional violation. Murnick v. Asbury Park, 95 N.J. 452, 458-460 (1984). While precision in assessments is not demanded, Murnick at 459, a failure to apply the common ratio where it results in a substantial variation, might cause a taxpayer to bear an inequitable burden of a community's expenses. This was the question presented below but not treated *356 by the trial judge. The taxpayer, by abandoning its claim for a two-thirds reduction in the assessment originally asserted before the County Board, based its claim in the Tax Court solely upon the assessor's failure to apply the common ratio. Although the taxpayer claimed both there and here that its actual income and expense statements should be examined, the substantive relief claimed raised no more than this single mixed question of law and fact: whether under the circumstances here presented the assessor must apply the common ratio to his own valuation of the premises. We find a resolution of this question not precluded by N.J.S.A. 54:4-34.
Similarly, plaintiff has claimed the assessor made an improper "spot assessment." Baldwin Constr. Co. v. Essex Cty. Bd. of Taxation, 16 N.J. 329, 338-39 (1954). And see § 903.3 of the Handbook for New Jersey Assessors, 1980 Revision, issued by the Local Property and Public Utility Branch of the Division of Taxation, suggesting that properties not be reassessed only upon sale, but rather as a part of general reassessments. Since here the assessor reassessed at approximately 87% of its sale price, we cannot say whether the taxpayer was discriminated against, or whether this was an improper "spot assessment." These are questions to be resolved on remand based solely on the data before the assessor. We note that not all reassessments of single properties are improper. Many are required to continue an equitable balance in the community. Tall Timbers Inc. v. Vernon Tp., 5 N.J. Tax 299, 309-10 (Tax Ct. 1983).
Although plaintiff has asserted a conflict between the philosophical positions of the trial judge and that of other judges of the Tax Court, our reading of the several decisions does not reveal a sufficient dichotomy to require resolution by this court.
The order of dismissal appealed from is reversed, and this matter is remanded to the Tax Court for the consideration of the claim of unreasonableness, noted above, cognizable under N.J.S.A. 54:4-34.