OCEAN PINES, LTD., PLAINTIFF–RESPONDENT AND CROSS–AP-
PELLANT, v. BOROUGH OF POINT PLEASANT, DEFEND-
ANT–APPELLANT AND CROSS–RESPONDENT, v. W. CARY
EDWARDS, ATTORNEY GENERAL, DEFENDANT–INTER-
VENOR–APPELLANT AND CROSS–RESPONDENT.

Argued October 14, 1987—Decided September 26, 1988.

1

2

*Scott D. Buchholz* argued the cause for appellant and cross-respondent (*Lomell, Muccifori, Adler, Ravaschiere, Amabile & Pehlivanian,* attorneys).

*Harry Z. Haushalter,* Deputy Attorney General, argued the cause for intervenor-appellant and cross-respondent (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

*Steven R. Irwin* argued the cause for respondent and cross-appellant (*Mandelbaum & Mandelbaum,* attorneys).

The opinion of the Court was delivered by

CLIFFORD, J.

This appeal invites interpretation of *N.J.S.A.* 54:4–34, which limits the right to appeal the valuation of income-producing properties. Plaintiff's efforts to appeal the assessment of its property under the cited statute were rejected by the Ocean County Board of Taxation and the Tax Court. The Appellate Division reversed the order of dismissal and "remanded to the Tax Court for the consideration of the claim of unreasonableness * * * cognizable under *N.J.S.A.* 54:4–34." Ocean *Pines, Ltd. v. Borough of Point Pleasant,* 213 *N.J.Super.* 351, 356 (1986). We affirm.

I

On February 15, 1984, plaintiff, Ocean Pines, Ltd., purchased a twenty-unit garden apartment complex (the property), an income-producing property located in the defendant Borough of Point Pleasant. The purchase price was $795,000. On March 26, 1984, in order to assess the property for the 1985 tax year, the Borough's tax assessor sent a written notice to plaintiff requesting that plaintiff provide, within forty-five days, records of income and expenses for the property for the tax year 1983. Although plaintiff admits to having received the request, it did not respond within the forty-five-day period, apparently believing that its status as a recent purchaser exempted it from compliance. Based on the information otherwise available to him, the assessor valued the property at $692,700. The assessment immediately preceding plaintiff's purchase was $500,800.

Plaintiff appealed the assessment to the Ocean County Board of Taxation (the Board), seeking a revaluation of the property to $229,500. At the Board hearing, plaintiff submitted for the first time "income and expense projections" for the property, as well as financial statements for the property from the date of purchase through the date of the hearing. Plaintiff based its request for a reassessment on those documents.

The Borough moved to dismiss the petition under *N.J.S.A.* 54:4–34, which provides in pertinent part that "[n]o appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request * * *." The statute also allows a county board to permit an untimely submission of the requested information "where it appears that the owner, for good cause shown, could not furnish the information within the required period of time." The Board dismissed the petition, and plaintiff appealed to the Tax Court, requesting a revaluation to $627,794. Plaintiff also challenged the constitutionality of *N.J. S.A.* 54:4–34, wherefore the court granted the Attorney General leave to intervene as a party defendant.

Plaintiff argued before the Tax Court that it did not respond to the request for information because as a recent purchaser of the property, it did not have the income and expense records for the time period that preceded its purchase. This, plaintiff argued, constituted sufficient "good cause" under *N.J.S.A.* 54:4–34 to excuse its failure to have supplied the requested records within the statutory time frame. The only substantive claim argued before the Tax Court was that the Borough had failed to apply the "Chapter 123 ratio" to the appraised value, and that plaintiff was entitled as a matter of law to have the ratio applied and the valuation reduced. *See N.J.S.A.* 54:1–35a and 54:51A–6. On the Borough's motion, the Tax Court held that because plaintiff's appeal was barred by *N.J.S.A.* 54:4–34, the complaint should be dismissed.

The Appellate Division reversed the order of dismissal and remanded the matter to the Tax Court. 213 *N.J.Super.* at 356. The court agreed with the lower tribunals that under *N.J.S.A.* 54:4–34, plaintiff's failure to provide the requested information within forty-five days barred its subsequent appeal seeking a reassessment based on those requested data. *Id.* at 354. The Appellate Division also agreed that plaintiff had not satisfied the "good cause" provision of the statute. *Ibid.* Nevertheless,

the court concluded that plaintiff's failure to supply the requested data did not preclude plaintiff from seeking *all* relief from the assessment. Rather, the Appellate Division held that plaintiff was entitled on both statutory and constitutional grounds to challenge the reasonableness of the assessor's valuation of the property. *Id.* at 355–56.

The Borough and the Attorney General filed petitions for certification, and plaintiff filed a cross-petition, all of which we granted. 107 *N.J.* 112–13 (1987).

## II

*N.J.S.A.* 54:4–34 provides as follows:

> Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, * * * and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, * * * the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. *No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request* * * *. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section. [Emphasis added.]

■ Resolution of this appeal turns in large part on the meaning of the highlighted language, which was added to the statute by *L.* 1979, *c.* 91, § 1, and which expressly pertains only to "income-producing property." The Borough argues that the statute bars *any* appeal by a taxpayer who fails to submit the requested information within the forty-five-day period. In response, plaintiff contends that a taxpayer may "cure" its failure to respond to the request in a timely fashion, and that any such appeal is simply deferred until the taxpayer complies with the request.

Notwithstanding the clear language of the statute, which prohibits a taxpayer from appealing an assessment unless it has provided the economic data within the forty-five-day period, plaintiff urges that the legislative history indicates an intent that any such appeal be not barred but only deferred until the information is submitted. The Appellate Division correctly rejected plaintiff's argument, concluding that "the plain meaning of the statute precludes appeals asserting claims for revaluation based upon the economic data withheld by the taxpayer." 213 *N.J.Super.* at 354. Where, as here, "the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent." *State v. Butler*, 89 *N.J.* 220, 226 (1982).

Were we to adopt plaintiff's argument, any valuation prepared by the assessor would be at best an interim one, of use only until the taxpayer complies with the request for income and expense information. On receipt of that information, the assessor would then be required either to prepare a second valuation of the property—a tremendous waste of valuable time and resources—or to defend the original valuation on the taxpayer's appeal. Either result runs contrary to what we perceive to be the purpose of the statute, *i.e.*, "to assist the assessor in the first instance, to make the assessment and thereby * * * to avoid unnecessary expense, time and effort in litigation." *Terrace View Gardens v. Township of Dover*, 5 *N.J.Tax* 469, 474–75 (Tax Ct.1982), aff'd o.b., 5 *N.J.Tax* 475 (App.Div.), certif. den., 94 *N.J.* 559 (1983); *see also SKG Realty Corp v. Township of Wall*, 8 *N.J.Tax* 209, 211 (App.Div.1985) (purpose of the statute "is to afford the assessor access to fiscal information that can aid in valuing the property.").

The facts of this case demonstrate the very problem that the amendment was designed to remedy. It is the local tax assessor, and not the county board or Tax Court, that is charged with the responsibility of valuing and assessing real property. *See N.J.S.A.* 54:4–23. If the economic data are to be of any use

in the valuation process, they must be submitted in timely fashion to the assessor, and not to a tribunal on a subsequent appeal. Plaintiff failed to comply with a proper request for income and expenses information, and the assessor of necessity prepared an assessment based on the information that was available to him at the time. At the hearing before the Board, the assessor was confronted for the first time with plaintiff's economic data. Clearly at that point the assessor was unprepared to challenge or even evaluate the information provided by plaintiff. By barring the use of those data on a subsequent appeal, the statute "encourage[s] compliance" with a proper request for that information. *SKG Realty Corp., supra,* 8 *N.J.Tax* at 211. We hold that in the absence of "good cause," a taxpayer's failure to submit the requested information to the assessor when requested bars an appeal based on those data.

Plaintiff next contends that the fact that it did not have the requested information in its possession constituted sufficient "good cause" to excuse its failure to comply, and therefore its appeal should have been allowed by the County Board. That argument was rejected by the Board, the Tax Court, and the Appellate Division. It is apparent from the record that plaintiff made no attempt within the forty-five-day period to explain to the assessor why it could not comply with the request. Instead, plaintiff simply chose to ignore the notice.

In *Terrace View Gardens, supra,* in which the taxpayer failed to comply with the assessor's request for information. The Tax Court dismissed the taxpayer's appeal, stating that

[r]efusals on the part of the taxpayers to cooperate with local property assessors cannot be tolerated by this court. Legitimate requests for information by assessors to prepare assessments are actions which should be encouraged by this court. Taxpayers frequently complain of local property tax assessors and their work. Here the taxpayer had an opportunity to supply the assessor information pertinent to the assessor's work. It failed and refused to do so without any explanation, and its attitude in failing to even respond to the assessor's legitimate statutory request is inexcusable. [5 *N.J.Tax* at 474–75.]

*See also SKG Realty Corp., supra,* 8 *N.J.Tax* at 211 (taxpayer must respond to statutory request despite its belief that the

property was owner-occupied and not income-producing, "and it is up to the assessor and not the taxpayer to decide whether to consider the information furnished."). Under the circumstances before us we express no view on the merits of plaintiff's position that the absence of information justified non-compliance with the assessor's demand, leaving the question of what constitutes "good cause" to the county boards for a case-by-case determination under *N.J.S.A.* 54:4–34. Rather, we conclude that plaintiff's failure to respond in any fashion to the assessor's request precluded plaintiff from asserting a "good cause" claim before the Board.

 Finally, plaintiff contends that strict enforcement of *N.J.S.A.* 54:4–34 violates its procedural and substantive due-process rights. We agree with the Appellate Division that this point is without merit. See 213 *N.J.Super.* at 354.

In respect of a procedural due-process claim, the Supreme Court has established a balancing test involving three factors: (1) the nature of the private interest involved, (2) the risk of an erroneous deprivation of the private interest through the procedures used and the value of any additional safeguards, and (3) the nature of the governmental interest involved. *Mathews v. Eldridge,* 424 *U.S.* 319, 335, 96 *S.Ct.* 893, 903, 47 *L.Ed.*2d 18, 33 (1976); *accord State v. Howard,* 110 *N.J.* 113, 129 (1988). First, although both the Attorney General and the plaintiff argue that the private interest involved is the income and expense data sought, we are satisfied that the true interest at issue is the amount of the property-tax assessment. Depending on which party prevails on appeal, the taxpayer's assessment will be affected, and the private interest involved is the actual tax bill to the taxpayer. Second, assuming that the taxpayer complies with the request for information, an appeal may be taken to the county board, with further appeals to the Tax Court and the Appellate Division. Even where the taxpayer fails to comply, the statute still provides for a "reasonableness" appeal from the assessor's valuation of the property. See *infra* at 11. In light of those protections, the risk of an erroneous

deprivation of the taxpayer's money is minimal, as is the probable value of any additional protections that might possibly be afforded. Third, the governmental interest involved is significant, *i.e.*, the timely receipt of economic information necessary for an accurate valuation of the property, an interest that clearly outweighs the private interest involved. Balancing these factors, we conclude that the statute does not deprive a taxpayer of procedural due process.

Turning to the substantive due-process claim, we have stated the following test in respect thereof: with the exception of those cases in which a fundamental right is involved—and no such right is implicated here—"a state statute does not violate substantive due process if the statute reasonably relates to a legitimate legislative purpose and is not arbitrary or discriminatory. Briefly stated, if a statute is supported by a conceivable rational basis, it will withstand a substantive due process attack." *Greenberg v. Kimmelman,* 99 *N.J.* 552, 563–64 (1985) (citations omitted). When reviewing a statute in light of such a challenge, we are concerned not with the wisdom of the legislation but solely with the question of whether it has a lawful purpose. *Hutton Park Gardens v. Town Council of W. Orange,* 68 *N.J.* 543, 563 (1975); *Lane Distributors, Inc. v. Tilton,* 7 *N.J.* 349, 365 (1951). As noted, the municipality has a significant interest in the timely receipt of economic data for income-producing property. The legislature rationally could conclude that the appeal-dismissal sanction of *N.J.S.A.* 54:4–34 creates a reasonable incentive in the owner of such property to produce the requested data. Under this analysis, we reject plaintiff's claim that its substantive due-process rights have been violated.

Finally, both the Attorney General and the Borough raise questions concerning the "reasonableness" appeal that the Appellate Division found must be permitted under both *N.J.S. A.* 54:4–34 and Article VIII, Section 1, Paragraph 1(a) of the *New Jersey Constitution* of 1947. *See* 213 *N.J.Super.* at

354–55. Because we agree with the court below that such an appeal is provided for in the statute itself, we do not reach the question of whether such a hearing may be constitutionally required, see, e.g., In re Baby M, 109 N.J. 396, 450–51 (1988), and we express no view in respect of the Appellate Division's constitutional analysis.

In pertinent part, N.J.S.A. 54:4–34 provides that where, as here, a taxpayer fails to comply with the assessor's request for economic data, "the assessor shall value his property at such amount as he may, from any information in his possession or available to him, *reasonably determine* to be the full and fair value thereof." (Emphasis added). As the Appellate Division observed, the quoted passage suggests that the taxpayer must have an available remedy in those cases in which the assessor has *unreasonably* valued the property. 213 N.J.Super. at 354–55. We conclude that in such a case, the taxpayer is entitled to appeal the valuation to the county board or, where the assessed valuation exceeds $750,000, the Tax Court, see N.J.S.A. 54:3–21, R. 8:3–5(a)(3), but any such appeal is sharply limited in both its substantive and procedural aspects.

First, we agree with the Appellate Division that such an appeal is limited in its scope to the reasonableness of the valuation "based upon the data available to the assessor." Id. at 355. The taxpayer's failure to provide the requested financial information in a timely fashion will preclude the use of those data on appeal. The inquiry will focus solely on whether the valuation could reasonably have been arrived at in light of the data available to the assessor at the time of the valuation. Encompassed within this inquiry are (1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation.

Second, in light of the limited scope of inquiry, there is no requirement for a plenary hearing. In most cases such an appeal may be disposed of by the county boards or Tax Court,

as the case may be, in summary fashion, without the taking of testimony. The taxpayer shall be entitled to discovery of any information relied on by the assessor in arriving at the subject valuation. If either the taxpayer or the municipality is to rely on an expert's opinion, then the other party shall also be entitled to discovery of that opinion. The original assessment is entitled to a presumption of validity, *e.g.*, *Pantasote Co. v. City of Passaic*, 100 *N.J.* 408, 412 (1985), and in order to overcome that presumption, the taxpayer must produce evidence that is " 'definite, positive and certain in quality and quantity * * *.' " *Id.* at 413 (quoting *Aetna Life Ins. Co. v. City of Newark*, 10 *N.J.* 99, 105 (1952)). (An example of an aberrant methodology that dispelled the presumption of correctness of the local assessment may be found in *Transcontinental Gas Pipe Line Corp. v. Bernards Township*, 111 *N.J.* 507 (1988) (the assessor valued the property to produce the same revenue as the prior assessment yielded).) In a county board proceeding either party will then be able to seek review of the board's determination in accordance with *N.J.S.A.* 54:51A–1 (providing for review by the Tax Court of any "judgment, action or determination" by county boards); *see also R.* 8:2(a) ("The Tax Court shall have initial review jurisdiction of all final decisions" of the county boards). In our view any such proceeding in the Tax Court also should ordinarily be disposed of in summary fashion. Although the Rules of that court do not provide for such a summary proceeding, the Rules governing summary actions in the Superior Court are available and readily adaptable to Tax Court proceedings. See *Rule* 4:67–1 and *Rule* 4:1.

The procedures outlined above would ordinarily call for consideration of plaintiff's reasonableness claim by the Ocean County Board of Taxation. Because that Board no longer has jurisdiction, however, *see N.J.S.A.* 54:3–26, *N.J.S.A.* 54:3–21, the cause is remanded to the Tax Court for further proceedings consistent with this opinion.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.