246 N.J. Super. 149 (1991)
586 A.2d 1338
SOUTHGATE REALTY ASSOCIATES, PLAINTIFF-RESPONDENT,
v.
BORDENTOWN TOWNSHIP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1990.
Decided February 20, 1991.
*150 Before Judges GAULKIN, SHEBELL and HAVEY.
David D. Gladfelter argued the cause for appellant (Kessler, Tutek & Gladfelter, attorneys; David D. Gladfelter on the letter briefs).
Steven R. Irwin argued the cause for respondent (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant Bordentown Township appeals from a "judgment of affirmance" entered by the Tax Court in response to Bordentown's motion to dismiss plaintiff Southgate Realty Associates' tax appeal. The motion had been made pursuant to N.J.S.A. 54:4-34, commonly referred to as "Chapter 91" (L. 1979, c. 91, § 1), which provides that "[n]o appeal shall be heard" from the *151 tax assessor's valuation with respect to income-producing property where the owner fails to respond to a request by the assessor for income and expense data within 45 days of such request. The issue raised by this appeal is whether, when the taxpayer concedes that it did not comply with the assessor's request and there is no question as to the reasonableness of the assessor's valuation, a judgment should be entered affirming the assessment or whether the judgment should dismiss the appeal. The distinction is significant since a judgment affirming the assessment may trigger application of the Freeze Act, N.J.S.A. 54:51A-8, which provides that when a "final judgment" has been entered by the Tax Court, it is conclusive for the assessment year and for the two successive years, except as to changes in value of the property occurring after the assessment date. We agree with Bordentown that a dismissal of Southgate's appeal should have been entered. We therefore reverse and remand for the entry of a judgment of dismissal.
Southgate owns an income-producing multi-family complex in Bordentown. In August 1987, Bordentown's tax assessor requested Southgate to provide "income and expense data" for the tax year ending December 31, 1986 relating to the property for the purpose of making an assessment for the 1988 tax year. Southgate did not respond to the request. Based on the data available to the assessor, the property was valued at $4,378,000 for the tax year 1988.
Southgate filed a direct appeal in the Tax Court, see N.J.S.A. 54:3-21, challenging the 1988 assessment, claiming that it exceeded the property's true value, that it was in excess of the common level of assessments in the district and of the "Chapter 123" common level range and that it was discriminatory. Bordentown moved to dismiss the complaint pursuant to N.J.S.A. 54:4-34. Accompanying Bordentown's motion was a form of order granting Bordentown dismissal of Southgate's appeal with prejudice and its assessor's affidavit stating that Southgate *152 had failed to respond to his request for the income and expense data.
In response to Bordentown's motion, Southgate claimed that it had not received the assessor's notice and further that it was entitled to a hearing regarding the reasonableness of the assessor's valuation, relying on Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 547 A.2d 691 (1988). In Ocean Pines, the Supreme Court afforded the taxpayer a narrowly circumscribed remedy, notwithstanding its noncompliance with N.J.S.A. 54:4-34. Adopting the reasoning of the Appellate Division,[1] the Supreme Court held that the noncomplying taxpayer "must have an available remedy in those cases in which the assessor has unreasonably valued the property[,]" but that the remedy would be limited in its scope to the reasonableness of the value based on the assessor's available data. 112 N.J. at 11, 547 A.2d 691 (emphasis in original). The court also directed that "[i]n most cases such an appeal may be disposed of... in summary fashion[.]" Id. at 11-12, 547 A.2d 691.
While Bordentown's motion was pending, Southgate received notice that the assessment on its property had been increased for the tax year 1989. In hope of avoiding an increase in its 1989 assessment, counsel for Southgate advised the Tax Court that Southgate "has decided not to oppose [Bordentown's] Chapter 91 motion." He later amplified Southgate's position by noting that Southgate did not oppose the motion because it "believes that the assessment is not unreasonable within the contemplation of [N.J.S.A. 54:4-34] and the Supreme Court's Opinion in Ocean Pines, Ltd. v. Point Pleasant." Notwithstanding the fact that Bordentown's motion was to dismiss, Southgate asked the Tax Court to enter a judgment affirming the 1988 assessment. The Tax Court, over Bordentown's objection, acquiesced to Southgate's request in view of Southgate's *153 stipulation as to the reasonableness of the assessment.[2]
N.J.S.A. 54:4-34 provides:
Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, and produce his title papers, and he may be examined on oath by the assessor, and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, or to testify on oath when required, or shall render a false or fraudulent account, the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request or to testify on oath when required, or shall have rendered a false or fraudulent account. The county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required period of time. In making such written request for information pursuant to this section the assessor shall enclose therewith a copy of this section.
(Emphasis supplied). A 1979 amendment to the statute added the "[n]o appeal shall be heard" language because of prior ambiguities in the statute regarding what remedies were available to the municipality when the taxpayer refused to comply with the assessor's request. See Delran Holding Corp. v. Delran Tp., 8 N.J. Tax 80, 82 (Tax Ct. 1985). Since the amendment and at least until Ocean Pines, the Tax Court had consistently entered judgments of dismissal, relying on the "[n]o appeal shall be heard" mandate, when the taxpayer failed to comply with the statute. See SKG Realty Corp. v. Township of Wall, 8 N.J. Tax 209 (App.Div. 1985); Terrace View Gardens v. Township of Dover, 5 N.J. Tax 469 (Tax Ct. 1982), aff'd o.b., 5 N.J. Tax 475 (App.Div.), certif. denied 94 N.J. 559, 468 A.2d 205 (1983).
*154 In our view, dismissing appeals by nonresponding owners, when reasonableness of the assessment is not in issue, best serves the statutory purpose of encouraging compliance with the statute. See SKG Realty Corp. v. Township of Wall, supra, 8 N.J. Tax at 211 (purpose of provision "outlawing appeals by non-responding owners is to encourage compliance with the accounting requirement."). Compliance assists "the assessor in the first instance, to make the assessment and thereby ... to avoid unnecessary expense, time and effort in litigation." Ocean Pines, Ltd. v. Borough of Point Pleasant, supra, 112 N.J. at 7, 547 A.2d 691, quoting Terrace View Gardens v. Township of Dover, supra, 5 N.J. Tax at 471-472; see also Delran Holding Corp. v. Delran Tp., supra, 8 N.J. Tax at 83 (purpose of statute is to provide assessor with income data because true value of income-producing property is frequently determined by capitalization approach).
We do not read Ocean Pines as requiring entry of a "judgment of affirmance" upon a municipality's successful Chapter 91 motion to dismiss. As stated, Ocean Pines affords the noncomplying taxpayer the right to litigate the narrow question of whether the assessor has unreasonably valued the property. The Appellate Division in Ocean Pines, for example, posited the hypothetical where the assessment of the property was "10 times its purchase price" and concluded that "there is no question that the assessor could be said to have ... unreasonably determined the full and fair value of the property." 213 N.J. Super. at 355, 517 A.2d 472. We reasoned that such violation of the statutory standard of reasonableness "must be judicially reviewable." Ibid.
Nothing in Ocean Pines can be read as intending to thwart the dismissal practice under Chapter 91 when, as here, the taxpayer fails to respond to the assessor's request and the reasonableness of the assessor's valuation is conceded. Southgate chose not to pursue its Ocean Pines remedy. When it stipulated as to reasonableness of the assessment, there was no need for the Ocean Pines summary hearing to adjudicate the *155 issue on the merits. There was no dispute that Southgate's property was income-producing and that it had failed to respond to the assessor's request. Thus, once the stipulation was made, "[n]o appeal shall be heard" from the assessor's valuation and Bordentown's right to a dismissal was absolute.[3]
We reject Southgate's argument that a judgment affirming the assessment was appropriate because Bordentown placed "reasonableness" of the assessment in issue upon making the Chapter 91 motion. Bordentown did not raise the reasonableness issue. All it did was take advantage of the statutory remedy afforded by N.J.S.A. 54:4-34 to bar Southgate's appeal because of the taxpayer's failure to comply with the assessor's request for data. It was Southgate's right under Ocean Pines to raise and pursue the issue but, for tactical reasons, it chose not to do so. To enter a "judgment of affirmance" on the merits upon a municipality's Chapter 91 motion, when reasonableness is conceded, would discourage the municipality from availing itself of the remedy because of possible Freeze Act implications. Affirmance may also reward the taxpayer, whose very default triggered the motion, by affording Freeze Act protection.
We recognize that it is unsettled whether or not a taxpayer would benefit from the Freeze Act upon entry of a judgment of affirmance. See, e.g., South Plainfield Bor. v. Kentile Floors, Inc., 92 N.J. 483, 485, 457 A.2d 450 (1983) (consent judgment entered pursuant to stipulation of settlement invokes provisions of Freeze Act at the option of taxpayer). We hold only that even the potential for such protection should not be afforded where the taxpayer's noncompliance with Chapter 91 and the reasonableness of the valuation are unquestioned.
*156 Reversed and remanded for the entry of a judgment of dismissal.
NOTES
[1] See Ocean Pines, Ltd. v. Borough of Point Pleasant, 213 N.J. Super. 351, 354-355, 517 A.2d 472 (App.Div. 1986), aff'd 112 N.J. 1, 547 A.2d 691 (1988).
[2] Upon entry of the judgment, Southgate moved to freeze the 1989 assessment. The Tax Court has held the motion in abeyance pending disposition of this appeal.
[3] We do not pass upon the question whether, if a full "reasonableness" hearing had been conducted and the municipality prevailed, a judgment affirming the assessment or a dismissal should be entered.