TAX COURT OF NEW JERSEY

**CHRISTINE M. NUGENT**
JUDGE



153 Halsey Street
Gibraltar Building - 8TH Floor
Newark, New Jersey 07101
(973) 648 – 2098 Fax: (973) 648-2149

April 24, 2017

John F. Casey, Esq.
Chiesa, Shahinian & Giantomasi, P.C.
1 Boland Drive
West Orange, New Jersey 07052

Jason A. Cherchia, Esq.
O'Donnell McCord, P.C.
15 Mount Kemble Avenue
Morristown, New Jersey 07960

RE:    Albert Yedid v. Township of Irvington
       Docket Nos. 008195-2016

Dear Counsel:

This matter was opened to the court on motion by the Township of Irvington ("defendant") to dismiss the complaint of Albert Yedid ("plaintiff") for failure to respond to the tax assessor's request for income and expense information pursuant to N.J.S.A. 54:4-34 (commonly known as "Chapter 91").  The decision of the court is based on review of the motion papers submitted and on oral argument presented by counsel.  Defendant's motion is granted for the reasons that follow, subject to plaintiff's right to a reasonableness hearing.  Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

FINDINGS OF FACT AND PROCEDURAL HISTORY

Plaintiff filed an appeal challenging the 2016 tax year assessment on the property located at 1197-1201 Springfield Avenue, Irvington, New Jersey, also known as Block 340, Lot 8 (the "

*

subject property"). Defendant moved to dismiss the complaint on the grounds that plaintiff failed to respond to the assessor's Chapter 91 requests.[1]

On or about July 24, 2015, the Irvington tax assessor, Silvia Forbes, mailed to plaintiff, via certified mail, return receipt requested, and via regular mail, a request for income and expense information relating to the subject property. The United States Postal Service ("USPS") tracking information demonstrates that attempted delivery of the certified mailing was made on July 29, 2015. However, the certified mailing was returned to the tax assessor's office marked "unclaimed." The regular mailing was not returned to the tax assessor's office, nor did plaintiff address the regular mailing in its motion papers or deny its receipt in the certification submitted to the court.[2]

In her certification, the assessor stated that the "mailing was addressed to Albert Yedid, 1805 East 5th Street, Brooklyn, New York 11223, which is the information contained in the assessment record for the property owner at the time the request was sent." The assessor certified that the mailing was affixed with the proper postage, and was placed in the mail, consistent with her practice in making all of the township's Chapter 91 requests. She also certified that at the time of mailing, plaintiff's address appeared in the windows of the envelopes. The text of the statute, N.J.S.A. 54:4-34, as well as a form for the presentation of the requested income and expense information and instructions for completion of the forms were included with the request. Plaintiff

---

[1] Plaintiff filed a complaint challenging the assessment for tax year 2016 on the adjacent property located at 1203 Springfield Avenue, Irvington, New Jersey, also known as Block 340, Lot 7. Defendant moved to dismiss that complaint on the same grounds. The court heard oral argument on both motions together. A separate opinion will be issued on that motion.

[2] The regular mailing was raised at oral argument. The court adjourned the motion to permit plaintiff to submit supplemental papers on the issue. Plaintiff's counsel indicated that he would submit supplemental papers, but later advised that plaintiff would be relying solely on papers previously submitted.

2

did not respond to the Chapter 91 request. Thereafter, defendant timely filed the within motion to dismiss for failure to respond to the assessor's request.

Plaintiff opposed the motion on two grounds. First, that plaintiff "has no recollection of ever having received the certified mail notice to respond to an income and expense request." At oral argument, plaintiff's counsel clarified that this statement constitutes plaintiff's denial of receipt of the Chapter 91 request via certified mail. Second, plaintiff notes that the certified mail request did contain a block and lot, but did not contain the commonly understood street address for the subject property." Plaintiff, however, does not argue that he did not understand the Chapter 91 request or the property to which it applied.

CONCLUSIONS OF LAW

The purpose of the Chapter 91 request is to assist the assessor's collection of information for use in establishing value for an income producing property, which value is generally determined by the capitalization approach. Delran Holding Corp. v. Delran Township, 8 N.J. Tax 80, 83 (Tax 1985). The governing statute, N.J.S.A 54:4-34, reads as follows:

> "Every owner of real property of the taxing district shall, on written request of the assessor, made by certified mail, render a full and true account of his name and real property and the income therefrom, in the case of income-producing property, . . . and if he shall fail or refuse to respond to the written request of the assessor within 45 days of such request, . . . the assessor shall value his property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof. No appeal shall be heard from the assessor's valuation and assessment with respect to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request . . . ."

The financial information which the assessor seeks by way of a Chapter 91 request is designed "to assist the assessor in the first instance, to make the assessment and thereby . . . to

3

avoid unnecessary expense, time and effort in litigation." <u>Terrace View Gardens v. Township of Dover</u>, 5 <u>N.J. Tax</u> 469, 471-72 (Tax 1982) <u>aff'd</u>, 5 <u>N.J. Tax</u> 475 (App. Div. 1983), <u>certif. denied</u>, 94 <u>N.J.</u> 559 (1983)). "By insuring to the assessor income information from the best available source, it seeks to relieve both the taxpayer and the taxing district of the time and expense of an adversary proceedings [sic] to review an assessment either in the county board of taxation or the Tax Court." <u>Id.</u> at 472.

As established by statute, no tax appeal shall be heard in the case of a taxpayer who fails to respond to a Chapter 91 request. Given the severity of the sanction, the courts require that the municipality strictly adhere to the statutory requirements. The property owner must be adequately notified of its statutory obligations. In <u>Great Adventure, Inc. v. Twp. of Jackson</u>, 10 <u>N.J. Tax</u> 230 (App. Div. 1988), the court stated that "the severity of the penalty for noncompliance provided for by <u>N.J.S.A</u> 54:4-34, namely, the taxpayer's loss of his right to appeal the assessment, requires a strict construction of the statute." <u>Id.</u> at 233. As part of the assessor's obligation, the Chapter 91 request must be framed in language that is both clear and unequivocal so that the taxpayer may understand its obligation to respond. <u>Cassini v. Orange City</u>, 16 <u>N.J. Tax</u> 438 (Tax 1997).

Plaintiff argues that the controlling law is found in <u>Green v. East Orange</u>, 21 <u>N.J. Tax</u> 324 (Tax 2004). In <u>Green</u>, the tax assessor sent a Chapter 91 request to the taxpayer, via certified mail, return receipt requested. <u>Id.</u> at 326. Although the taxpayer claimed that he never received the request, the signature box on the return receipt was marked with an "X." <u>Id.</u> at 327-28. The parties did not provide any additional evidence, in the form of USPS delivery information or otherwise, to refute delivery. <u>Id.</u> at 335. In the absence of this evidence, the court found that the "X" mark was "too inconclusive" to establish that the taxpayer actually received the Chapter 91 request. <u>Id.</u> at 335. The court noted that the mark could represent the taxpayer's regular signature, an attempt

4

by the taxpayer to "deliberately . . . thwart delivery and service," someone else's signature, or the mail carrier's mark to show the recipient where to sign. Id. at 335. Ultimately, "the town failed to convince the court that there was a presumption that the mailing requirements of [N.J.S.A.] § 54:4-34 were satisfied." Id.

Additionally, the Green court found "inconsistent and confusing" mailing labels, and incorrect or absent property identification numbers and designation, to be problematic, resulting in lack of "fair notice" to the taxpayer in "clear and unequivocal language." Id. at 331-32. Specifically, the court noted that neither the Chapter 91 request nor the explanatory letter listed the address of the subject property, rather only the block and lot numbers of the subject property were listed, without explanation as to what those numbers represented. Id. at 332. The court noted that although the address of the subject property was located on the mailing label affixed to the return receipt card, the taxpayer does not retain this return receipt card, and therefore, could not have been provided with "fair notice of his obligations in clear and unequivocal language." Id. at 332.

Plaintiff notes that in the case before this court the street address for the property is not listed on the certified mail card, and as such constitutes inadequate notice under Chapter 91. Plaintiff argues that unlike Green, the certified mailing in this case was simply returned unclaimed and unsigned. Plaintiff posits that he did not refuse to sign the certified mail card; rather, that he never received the Chapter 91 request. The court finds that plaintiff's reliance on Green is misplaced. In the present case, and unlike Green, the tax assessor simultaneously mailed the Chapter 91 request via certified and regular mail. The court therefore finds that the facts in the present case are more analogous to the facts in Towne Oaks v. South Bound Brook Borough, 326 N.J. Super 99 (App. Div. 1999), certif. denied, 164 N.J. 188 (2000), as discussed below.

Defendant argues that the fact that the assessor cannot produce a signed return receipt is not fatal to defendant's motion because N.J.S.A. 54:4-34 does not require the request to be made by certified mail, return receipt requested. Green, supra, 21 N.J. Tax at 334. Defendant also argues that given that both the certified and regular mail were affixed with proper mailing and return addresses, affixed with sufficient postage, and were deposited in the mail on or about the same date, delivery can be presumed. For relief, defendant relies on Towne Oaks v. South Bound Brook Borough, supra, 326 N.J. Super at 99.

In Towne Oaks, the assessor sent a Chapter 91 request by regular and certified mail to the same address. Id. at 101. The certified mail was returned as "unclaimed" after the three attempts at delivery by the post office and the regular mail was not returned. Id. at 101. Like the case at hand, the taxpayer in Towne Oaks did not deny the delivery of the request sent by regular mail. The Appellate Division held that the taxpayer received adequate notice of the tax assessor's Chapter 91 request for information, since the request was sent by both certified and regular mail to the same address, even though the certified mail was returned as "unclaimed." Id. at 102. Specifically, the court agreed with defendant's argument that "[e]lsewise, . . . property owners could avoid the requirements of N.J.S.A. 54:4-34 and its consequences by simply refusing the certified mail." Id. at 101.

In Towne Oaks, it was undisputed that the "mail was properly addressed, contained sufficient postage, showed the proper return address, and was properly deposited with the Post Office." Therefore, it was "presumed [that] plaintiff received the notice sent by regular mail." Id. at 101 (citing SSI Medical Servs. v. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614 (1996) (holding that "a presumption arises that mail properly addressed, stamped, and posted was received by the party to whom it was addressed.")). See also Hackensack v. Rubinstein, 37

6

N.J. 39, 47 (1962) (holding that "[w]hen interpreting . . . statutes authorizing service of notice by mail, courts have generally held service complete upon mailing if the envelope is properly addressed and contains sufficient postage. This is true whether the question involved service by registered mail or ordinary mail.").

In the instant matter, the court finds that defendant's Chapter 91 request complied with the statutory requirements of N.J.S.A. 54:4-34. Defendant tax assessor certifies that both the certified and regular mailings were affixed with proper mailing and return addresses, affixed with sufficient postage, and were deposited in the mail on or about the same date, and that evidence is unrefuted. The court finds that the presumption, as addressed in Towne Oaks, that the plaintiff received the notice sent by regular mail, is met.

Furthermore, in her supplemental certification, the tax assessor provided a copy of the record of delivery, which is maintained by USPS for certified mailings. Green, supra, 21 N.J. Tax at 335-36. According to the records, USPS attempted to deliver the certified mailing on July 29, 2015 at 11:22am. However, "no authorized recipient [was] available" and "notice [was] left." The post office located in Brooklyn, New York 11223 kept the certified mailing until August 20, 2015, when the "max hold time expired" and the mailing was deemed "unclaimed." On August 28, 2015, the certified mailing was returned to the tax assessor's office. This court finds that, although delivery was attempted only once, as opposed to three times in Towne Oaks, the fact that notice of the certified mailing was left at plaintiff's residence, coupled with the fact that defendant tax assessor also mailed the Chapter 91 request via regular mail, provides plaintiff with fair notice. Therefore, plaintiff's failure to provide the requested information within 45 days of the request warrants dismissal of the complaint.

For the foregoing reasons, the motion is granted, subject to plaintiff's right to a reasonableness hearing, as required by Ocean Pines.  Ocean Pines, supra, 112 N.J. 1.  An Order will be entered by the court.

Very truly yours,


Christine M. Nugent