NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

TAX COURT OF NEW JERSEY



**Patrick DeAlmeida**
**Presiding Judge**

R.J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
(609) 815-2922 x54620

November 29, 2017

William J. Sitar, Esq.
Sitar Law Offices, LLC
1481 Oak Tree Road
Iselin, New Jersey

Dante M. Alfieri, Esq.
Cleary, Giacobbe, Alfieri, Jacobs, LLC
5 Ravine Drive
P.O. Box 533
Matawan, New Jersey 07747

> Re:     Sciorilli Family Limited Partnership v.
>           Township of Lakewood
>           Docket No. 006884-2017

Dear Counsel:

This is the court's opinion with respect to defendant's motion to dismiss the Complaint because of plaintiff's failure to respond to the tax assessor's request for income and expense information relating to the subject property pursuant to N.J.S.A. 54:4-34, commonly known as Chapter 91 (L. 1979, c. 91). For the reasons explained more fully below, the motion is granted and the Complaint is dismissed pursuant to the doctrine of collateral estoppel.

I. Findings of Fact and Procedural History

This letter opinion sets forth the court's findings of fact and conclusions of law based on the submissions of the parties on defendant's motion.

Plaintiff Sciorilli Family Limited Partnership is the owner of real property in defendant Lakewood Township. The property is designated in the records of the municipality as Block 1605, Lot 10, and is commonly known as 160 Lehigh Avenue.

On March 18, 2017, plaintiff filed a Complaint challenging the tax year 2017 local property tax assessment on the property. The March 18, 2017 Complaint, which was filed by an attorney other than the attorney who appears on behalf of plaintiff in this matter, was assigned Tax Court Docket No. 003102-2017.

On April 6, 2017, the municipality filed a motion to dismiss the March 18, 2017 Complaint pursuant to N.J.S.A. 54:4-34 based on plaintiff's failure to respond to the municipal tax assessor's request for income and expense information. It is well established that a taxpayer who fails to respond to a tax assessor's Chapter 91 information request is entitled to a reasonableness hearing before a Complaint may be dismissed. See Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 11 (1988).

On April 25, 2017, plaintiff's counsel in the matter bearing Tax Court Docket No. 003102-2017 filed a letter stating, in relevant part:

> Please be advised that plaintiff will not oppose Township's Chapter 91 motion regarding the above-captioned matter, which is returnable April 28, 2017 before your Honor. Additionally, plaintiff waives its right to a reasonableness hearing pursuant to Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988).

On April 28, 2017, the court entered an Order dismissing the Complaint in the matter bearing Tax Court Docket No. 003102-2017. The Order states that dismissal was warranted

because the court had "reviewed the moving papers and determined that the municipal tax assessor complied with N.J.S.A. 54:4-34 in all respects and that plaintiff had failed to respond to the assessor's request for income and expense information . . . ." The April 28, 2017 Order was, in effect, a final Judgment concluding the matter bearing Tax Court Docket No. 003102-2017.

On April 3, 2017, prior to the return date of the municipality's motion to dismiss the Complaint in the matter bearing Tax Court Docket No. 003102-2017, plaintiff filed the Complaint in the present matter. The April 3, 2017 Complaint, assigned Tax Court Docket No. 006884-2017, names the same plaintiff and defendant, and challenges the same tax year 2017 assessment on the same parcel as the prior matter. The only material difference between the two Complaints is the attorney representing the taxpayer. The record contains no information explaining why the taxpayer retained two attorneys to file two Complaints challenging the tax year 2017 assessment on its property.

On July 12, 2017, the municipality moved to dismiss the April 3, 2017 Complaint based on plaintiff's failure to respond to the tax assessor's request for income and expense information pursuant to Chapter 91. The municipality's moving papers are substantively identical to those filed in the previous action. In addition, in support of its motion, the municipality reminded the court that it had on April 28, 2017 dismissed the Complaint filed on plaintiff's behalf in the matter bearing Tax Court Docket No. 003102-2017. Defendant's counsel certified that in light of the dismissal of the earlier matter he had requested that plaintiff's counsel withdraw the April 3, 2017 Complaint. He certified that his requests had been refused and urged the court not to permit the taxpayer to have a "second bite at the apple."

On August 22, 2017, plaintiff opposed defendant's motion dismiss the Complaint. The taxpayer does not deny having received the tax assessor's information request nor claim to have

3

responded to the request. Instead, the taxpayer called the court's attention to various discrepancies in the tax assessor's certification in support of the municipality's motion. The taxpayer noted that dates in the certification contradict dates on relevant documents attached to the certification. Plaintiff's opposition did not mention the dismissal of the earlier-filed Complaint or the municipality's argument with respect to plaintiff's attempt to have a "second bite at the apple."

On September 8, 2017, the municipality filed a reply brief with supporting certifications addressing the discrepancies in the evidence raised by plaintiff. Defendant's reply brief does not address the issue of the previously dismissed Complaint.

On November 28, 2017, the court heard the oral arguments of counsel.

## II. Conclusions of Law

There is no doubt in the court's mind that plaintiff is collaterally estopped from opposing the municipality's motion. The Supreme Court's precedents are clear. In Winters v. North Hudson Regional Fire and Rescue, 212 N.J. 67, 85 (2012), the Court explained that "collateral estoppel, also known as issue preclusion . . . is an equitable principle that arises

> [w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
>
> [(quoting Restatement (Second) of Judgment §27 (1982)(internal quotations omitted).]

To preclude a claim

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior

4

judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

[Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)(citing In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)(quotations omitted).]

"Fundamental to the application of estoppel is an assessment of considerations such as 'finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness." Winters, supra, 212 N.J. at 85 (quoting Olivieri, supra, 136 N.J. at 522); accord Hennessey v. Township of Winslow, 183 N.J. 593, 599-600 (2005)). "The purpose of collateral estoppel is both to protect litigants from the burden of relitigating an identical issue with the same party and to promote judicial economy by preventing needless litigation." In re: Liquidation of Integrity Ins. Co., 214 N.J. 51, 68 (2013)(internal quotations and alternations omitted).

Each of the factors supporting application of collateral estoppel are present here. The issue presented by defendant's motion to dismiss the Complaint in the matter bearing Tax Court Docket No. 003102-2017 is identical to the issue presented in support of defendant's motion to dismiss the Complaint in the present matter. In fact, defendant's moving papers in the two matters are substantively identical. The court actually decided the issue raised in defendant's moving papers in the prior proceeding. Although plaintiff did not oppose the motion to dismiss, the court reviewed the moving papers and found that the municipal tax assessor had fully complied with N.J.S.A. 54:4-34 and that the taxpayer had failed to respond to the assessor's request for information. The court's determination of that issue was essential to its decision to dismiss the Complaint, given that it was the only issue raised in the motion. In addition, the court's Order served as a final Judgment concluding all issues as to all parties. Finally, the parties to the prior proceeding and the parties to the present matter are identical.

5

The dissipation of resources on duplicative motions is counterproductive to the efficient operation of the judicial system and the cost-effective resolution of legal claims. The court has duplicated its efforts by reviewing substantively identical moving papers in substantively identical actions by identical parties. The municipality has duplicated its efforts by twice moving for the same relief in two substantively identical matters filed against it by the same party. Plaintiff was notified of its duplicate actions by the municipality and of the resolution of the first action through motion but persisted in burdening the court and municipality by opposing a motion identical to one it had affirmatively elected not to oppose a few months earlier. In fact, plaintiff's opposition to the municipality's motion was filed after plaintiff had waived its right to a reasonableness hearing and allowed entry of an Order dismissing its Complaint in the previously filed action.[1]

In light of the fact that plaintiff is collaterally estopped from raising its claims in opposition to defendant's motion to dismiss the Complaint, and given plaintiff's previous waiver of its right to an Ocean Pines reasonableness hearing, the court will enter Judgment dismissing the Complaint pursuant to N.J.S.A. 54:4-34.

Very truly yours,

/s/Hon. Patrick DeAlmeida, P.J.T.C.

---

[1] Although the municipality might have relied solely on collateral estoppel in support of its motion to dismiss the Complaint, and thereby conserved its resources, R. 8:7(e) requires that motions for relief pursuant to N.J.S.A. 54:4-34 must be filed no later than the earlier of 180 days after the filing of the Complaint or 30 days before the trial date. In light of this limitation, it was reasonable for the municipality to include in its moving papers the evidence and arguments supporting its claimed right to relief under N.J.S.A. 54:4-34.