NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
 25 Market Street
 Trenton, New Jersey 08625
 Telephone (609) 815-2922
 TeleFax: (609) 376-3018
 taxcourttrenton2@judiciary.state.nj.us

February 5, 2018

Paul Tannenbaum, Esq.
Zipp Tannenbaum Caccavelli, L.L.C.
280 Raritan Center Parkway
Edison, New Jersey 08837

Joseph Palombit, Esq.
Hoagland Longo et al.
40 Paterson Street
New Brunswick, New Jersey 08901

Re: George Street Holdings, L.L.C. v. City of New Brunswick
Block 8, Lot 4.01 (335 George Street)
Docket No. 001267-2017

Dear Counsel:

This opinion decides plaintiff's motion to vacate this court's prior Order dated October 30, 2017, under R. 4:50-1(f). The Order had granted, in part, the motion of defendant ("City") to dismiss the above-captioned complaint on grounds plaintiff had failed to respond to the tax assessor's request for income and expense information pursuant to N.J.S.A. 54:4-34 (commonly known as Chapter 91) as to the above captioned property ("Subject"). That Order had also directed plaintiff to notify the court and the City of its intention to pursue a reasonableness hearing on or before November 13, 2017, and had set the dates for discovery completion, and for the reasonableness hearing, should plaintiff intend to pursue one. The reasonableness hearing was scheduled for January 19, 2018.

*

Instead of notifying the court of its intention to pursue the hearing, plaintiff filed a motion on December 21, 2018, asking this court to vacate its Order. The basis for such relief, per plaintiff's counsel's certification, was that the "City's motion should have been denied because" the City failed to "timely raise the Chapter 91 issue as an affirmative defense in an Answer to plaintiff's complaint."

The City duly opposed the motion claiming that since the court's order was not a final judgment, R. 4:50-1 did not apply. Rather, the City argued, plaintiff's motion was, in essence, one for reconsideration, which should be denied because it does not meet the standards of R. 4:49-1.

*(1) Motion to Vacate Judgment under Rule 4:50-1*

Rule 4:50-1 allows the court to vacate its prior judgment under certain circumstances. The rule provides that:

> the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4-49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1 (emphasis added).]

If a motion is made for reasons (a), (b) and (c), then it should be made within "one year after the judgment, order . . . was entered . . ." or "within a reasonable time" under the other sub-sections. R. 4:50-2.

2

Here, plaintiff moved under R. 4:50-1(f), therefore, timeliness is not a concern especially since the motion was filed two months after the court's October 20, 2017 Order. Nonetheless, the rule does not apply because the court's Order was not a final judgment. See Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 258 (App. Div. 1987) ("The reference in the opening sentence to a final judgment or order would seem on its face to foreclose any argument as to the character of the judicial disposition intended to be subject to the rule. In short, 'final' appears to qualify both 'judgment' and 'order.'"), certif. denied, 110 N.J. 196 (1988).

No judgment was entered by this court partially closing out the case. The Order never stated anywhere, in the caption or otherwise, that it was final. Rather, pursuant to Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1 (1988), the matter was kept open so plaintiff could pursue a reasonableness hearing.[1] See also Paulison Ave. Assocs. v. City of Passaic, 18 N.J. Tax 101, 111-12 (Tax 1999) ("A failure to respond to" a Chapter 91 request "does not require a dismissal of an appeal but only a limitation on the scope of the hearing to be held before the Tax Court," thus, the court can "hear the matter, but only on a limited basis."); Pressler & Verniero, Current N.J. Court Rules, comment to R. 8:7(e) (2018 ed.) (granting a Chapter 91 motion does not "dismiss the appeal in its entirety," since a taxpayer is entitled to a reasonableness hearing) (citing to Ocean Pines, supra, 112 N.J. at 11-12). Indeed, the dismissal in part does not prevent the parties from submitting stipulations of settlement, and does not require the parties to file motions to vacate the court's order and reinstate the case so that the settlement may be formally effectuated by a judgment impacting the property's assessment. The court therefore is not required to analyze whether R. 4:50-1(f) rule applies.

---

[1] The court's October 30, 2017 Order stated that if the court or the City was not notified of plaintiff's intention to pursue a reasonableness hearing by November 13, 2017, then the matter would be dismissed without prejudice for lack of prosecution. Despite plaintiff's failure to so notify, the matter was not dismissed.

*(2) Motion for Reconsideration under Rule 4:49-2*

A motion for reconsideration must "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2. Such a motion "shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." Ibid. The 20-day limit does not apply if the motion seeks to correct "clerical errors." Ibid. The 20-day time limit is not relaxable. See R. 1:3-4(c) ("Neither the parties nor the court may . . . enlarge the time specified by . . . R. 4:49-2 (motion to alter or amend a judgment).").

Even if plaintiff's motion was deemed to be one for reconsideration, it cannot be considered because it is untimely. The motion was filed December 21, 2018, nearly two months after this court's October 20, 2017 Order. Given that the motion is untimely, the court need not analyze whether the standards for reconsideration are satisfied here. See R. 4:49-2; D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990) (a motion for reconsideration must show that "(1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence."). The scant pleadings here do not allow the court to even glean whether there were implied grounds for reconsideration. Seeking reconsideration to proffer an after-thought-of legal argument that is not a result of any new and controlling precedent that could or should apply retroactively, is attempting a "second bite at the apple," a disapproved procedure.

For the aforementioned reasons, the court denies plaintiff's motion.

Very truly yours,

Mala Sundar, J.T.C.

4