972 A.2d 1164 (2009)
408 N.J. Super. 16
DAVANNE REALTY, Plaintiff-Appellant,
v.
EDISON TOWNSHIP, Defendant-Respondent.
No. A-0333-08T3.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 2009.
Decided June 15, 2009.
*1165 Steven R. Irwin, West Orange, argued the cause for appellant (The Irwin Law Firm, P.A., attorneys; Amber N. Heinze, of counsel; Mr. Irwin and Kevin S. Englert, on the brief).
Martin Allen, Warren, argued the cause for respondent Edison Township (DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer, P.C., attorneys; Mr. Allen, of counsel; C. Justin McCarthy, on the brief).
Julian F. Gorelli, Senior Deputy Attorney General, argued the cause for respondent State of New Jersey (Anne Milgram, Attorney General, attorney; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Mr. Gorelli, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
Plaintiff Davanne Realty owns a commercial warehouse in Edison Township which it rents to a tenant. In conformity with Chapter 91 of the Laws of 1979, N.J.S.A. 54:4-34, the Tax Court dismissed Davanne's challenge to the assessed value of that property. Davanne appeals from that order and contends that its tax bill is *1166 a fine, forfeiture or penalty imposed in violation of the Excessive Fines Clause of the Eighth Amendment and Article I, paragraph 12 of the New Jersey Constitution. We conclude that the Tax Court properly rejected this claim.
The statute that required the Tax Court's order of dismissal, N.J.S.A. 54:4-34, is part of a comprehensive statutory scheme implementing this State's constitutional mandate to assess and tax real property "at the same standard of value" and "the general tax rate of the taxing district," N.J. Const. art. VII, § 1, ¶ 1(a). See McMahon v. City of Newark, 195 N.J. 526, 541, 951 A.2d 185 (2008); Ocean Pines, Ltd. v. Borough of Point Pleasant, 112 N.J. 1, 10, 547 A.2d 691 (1988). Real property taxes are assessed at the local level on October 1 of each year. N.J.S.A. 40A:9-146; N.J.S.A. 54:4-23; McMahon, supra, 195 N.J. at 541, 951 A.2d 185. "Once a tax assessor completes the assessments for the municipality, the assessment roll is submitted to the county board of taxation, N.J.S.A. 54:4-35, and, based in part on the assessments provided by all assessors in that county, the county board sets the tax rate for the municipality. N.J.S.A. 54:4-48 and -49." Id. at 541-42, 951 A.2d 185.
Under this system for valuing property, a municipality has "a significant interest in the timely receipt of economic data for income-producing property." Ocean Pines, supra, 112 N.J. at 10, 547 A.2d 691. In furtherance of that interest, N.J.S.A. 54:4-34 authorizes the taxing district to request owners of income-producing property to provide "a full and true account" of income derived from the property within forty-five days of a written request. Id. at 6, 547 A.2d 691 (quoting the statute). If the owner does not respond within that time, the assessor must "reasonably determine . . . the full and fair value" of the property based on the "information in his possession or available to him." N.J.S.A. 54:4-34. In that circumstance, "[n]o appeal shall be heard from the assessor's valuation and assessment." Ibid.; Ocean Pines, supra, 112 N.J. at 6-8, 547 A.2d 691. This limitation on the right to appeal has been described as an "appeal-dismissal sanction." Id. at 10, 547 A.2d 691.
The effect of the appeal-dismissal sanction is limited to preclusion of "appeals asserting claims for revaluation based upon the economic data withheld by the taxpayer." Id. at 7, 547 A.2d 691 (internal quotations omitted). The purpose of the sanction is "`to assist the assessor in the first instance, to make the assessment and thereby . . . to avoid unnecessary expense, time and effort in litigation.'" Ibid. (quoting Terrace View Gardens v. Twp. of Dover, 5 N.J.Tax 469, 474-75 (1982), aff'd o.b., 5 N.J. Tax 475 (App.Div.), certif. denied., 94 N.J. 559, 468 A.2d 205 (1983)). Consistent with that limited purpose, the property owner retains the right to challenge "(1) the reasonableness of the underlying data used by the assessor, and (2) the reasonableness of the methodology used by the assessor in arriving at the valuation," and, upon a showing of good cause for failure to file a timely response to a proper request, the property owner may present the information. Id. at 11, 547 A.2d 691. In sum, what the property owner loses by delay is the opportunity to rely on information that should have been provided within the statutory time-frame. No amount may be added to the property owner's tax bill based on failure to respond to the municipality's request for information.
Davanne did not respond to Edison's request for information on income derived from its property. Consequently, Edison's tax assessor valued Davanne's property at $1,632,000 using the information available to him. Before the Tax Court, Davanne *1167 was afforded the opportunity but declined to raise a challenge based on the reasonableness of the information or methodology employed by the tax assessor. Instead, Davanne submitted a valuation based on income it derived from leasing its property in an effort to establish that the tax assessor over-stated the value of the property by $315,600, resulting in a tax bill for 2007 that was higher than it should have been by approximately $11,740. Davanne characterizes that $11,740 amount as a fine, forfeiture or penalty imposed in violation of the federal and state constitutional prohibitions against excessive fines and forfeitures.
The Excessive Fines Clause of the Eighth Amendment, applicable to the states through the Fourteenth Amendment, "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." United States v. Bajakajian, 524 U.S. 321, 328, 118 S.Ct. 2028, 2033, 141 L.Ed.2d 314, 325 (1998) (internal quotations omitted); State v. DeAngelis, 329 N.J.Super. 178, 190, 747 A.2d 289 (App.Div.2000); see Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34, 121 S.Ct. 1678, 1684, 149 L.Ed.2d 674, 685 (2001) (concluding that the states are bound by the limitations on excessive fines included in the Eighth Amendment). Although the Excessive Fines Clause has application beyond criminal proceedings, Austin v. United States, 509 U.S. 602, 608, 113 S.Ct. 2801, 2804-05, 125 L. Ed.2d 488, 496-97 (1993), the Clause only limits the government's exercise of "its prosecutorial power, including the power to collect fines," to punish excessively or on an arbitrary basis, Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 267, 275, 109 S.Ct. 2909, 2916, 2920, 106 L.Ed.2d 219, 233, 238 (1989). See, e.g., Dep't of Cmty. Affairs v. Wertheimer, 177 N.J.Super. 595, 600-01, 427 A.2d 592 (App. Div.1980) (rejecting claim that fines imposed for violation of Hotel and Motel Dwelling Law, N.J.S.A. 55:13A-1 to -28, were unconstitutionally excessive). Davanne relies on Austin and does not argue that the parallel provision of New Jersey's Constitution, Article I, paragraph 12, has broader application, and there is no reason to conclude that it does. See Doe v. Poritz, 142 N.J. 1, 40-42, 662 A.2d 367 (1995) (finding no merit in the arguments presented to suggest that provisions of New Jersey's Constitution addressing punishment "should be interpreted in any way different from the Federal Constitution").
Under Austin, a payment required by the government is "punishment" within the meaning of the Eighth Amendment when it "can only be explained as serving in part to punish." Austin, supra, 509 U.S. at 610, 113 S.Ct. at 2806, 125 L. Ed.2d at 498 (1993); see Doe, supra, 142 N.J. at 40-73, 662 A.2d 367 (1995).[1] "[D]eterrence and retribution are the main characteristics of" punishment. Doe, supra, 142 N.J. at 44, 662 A.2d 367. Incidental deterrent impact, however, is not enough. As explained in Doe, when a statute that is "fairly characterized as remedial" has "some inevitable deterrent impact," Austin does not require characterization of the payment as punitive "unless *1168 the only explanation" for its extraction is a deterrent purpose. Ibid. Thus, a payment is viewed as "punishment" within the meaning of the Eighth Amendment when the amount that must be paid to the government cannot be explained without a justification based on the deterrent or retributive value of the sanction. See id. at 43, 46, 54-55, 62, 662 A.2d 367 (interpreting Austin and Halper and decisions applying those precedents).
The appeal-dismissal sanction imposed by N.J.S.A. 54:4-34 is not punishment because it is rationally and reasonably related to and fully justified by the need to efficiently assess and collect property taxes based on property value. The Legislature's denial of an opportunity to present relevant information beyond the statutory deadline may further the government's interest in timely receipt of data by "creat[ing] a reasonable incentive" for meeting the deadline for response. Ocean Pines, supra, 112 N.J. at 10, 547 A.2d 691. But N.J.S.A. 54:4-34 can be explained without reliance on that incidental benefit.[2] Taken together, the various provisions of N.J.S.A. 54:4-34 permit the timely assignment of property values and avoid the additional costs of post-assessment litigation necessitated by the property owner's inexcusable delay in providing relevant information. Ocean Pines, supra, 112 N.J. at 7, 547 A.2d 691. The property owner's compliance or non-compliance cannot be considered in fixing its property tax bill. Every tax bill must be based on the assessed value of the property and the municipality's tax rate, and all property owners, including those subject to the appeal-dismissal sanction, are afforded an opportunity to demonstrate that the assessed value of property is based on unreasonable considerations. Id. at 10, 547 A.2d 691. Because no property tax bill may include a component that can be explained as a fine extracted to punish dilatoriness and no amount can be added to the bill as a penalty for delay, the intent to extract a payment designed as punishment cannot have motivated the Legislature's adoption of the appeal-dismissal sanction.[3]
Moreover, there is no basis for us to conclude that the appeal-dismissal sanction was applied in this case to extract a payment as punishment. Davanne did not exercise its right to challenge the tax assessor's valuation at a reasonableness hearing. Consequently, we can only assume *1169 that the assessed value of Davanne's property is based on nothing other than the information reasonably available to the tax assessor and a reasonable methodology. See Ocean Pines, supra, 112 N.J. at 10-11, 547 A.2d 691.
Affirmed.
NOTES
[1] Austin's analysis of the question of punishment reiterates a standard first enunciated in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Doe, supra, 142 N.J. at 50, 662 A.2d 367. Although the Supreme Court has since concluded that the Halper standard should not be applied in considering whether the "punishment" is imposed in violation of the Double Jeopardy Clause, the Austin standard still controls when the question of "punishment" is raised on an Eighth Amendment challenge to a financial penalty. Hudson v. United States, 522 U.S. 93, 99-103, 118 S.Ct. 488, 493-95, 139 L.Ed.2d 450, 458-62 (1997).
[2] As the Tax Court observed in this case, although tax laws designed to raise revenue and simultaneously discourage lawful conduct, such as early withdrawal of retirement savings, must be understood as serving to deter, such taxes generally are not viewed as implicating the Excessive Fines Clause. See Kitt v. United States, 277 F.3d 1330, 1336 (Fed.Cir.2002) (concluding that additional tax for early withdrawal of funds in an IRA does not implicate the Excessive Fines Clause because early withdrawal is not proscribed); see also Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 782, 114 S.Ct. 1937, 1947, 128 L.Ed.2d 767, 780 (1994) (concluding that Montana's tax on illegal possession of marijuana imposed punishment within the meaning of the Double Jeopardy Clause and distinguishing taxes that have the dual purpose of raising revenue and discouraging undesirable but lawful conduct and taxes designed solely to raise revenue).
[3] We note, however, that a different conclusion would not compel us to accept Davanne's claimed violation of the Excessive Fines Clause. Generally, tax penalties assessed on account of late or incomplete filings are deemed to be permissible measures in furtherance of tax collection, not punishment implicating the constitutional protection against excessive fines. See Little v. Comm'r, 106 F.3d 1445, 1455 (9th Cir.1997) (discussing "additions to tax" in the context of a claimed violation of the Excessive Fines Clause); McNichols v. Comm'r, 13 F.3d 432, 434-35 (1st Cir. 1993) (same), cert. denied, 512 U.S. 1219, 114 S.Ct. 2705, 129 L.Ed.2d 833 (1994).