990 A.2d 636

1717 REALTY ASSOCIATES, LLC, PLAINTIFF–PETITIONER, v.
BOROUGH OF FAIR LAWN, DEFENDANT–RESPONDENT.

Argued February 1, 2010—Decided March 17, 2010.

*Steven R. Irwin,* argued the cause for appellants (*The Irwin Law Firm,* attorneys).

*Richard A. Lustgarten,* argued the cause for respondent (*Goodman & Lustgarten,* attorneys).

*Julian F. Gorelli,* Senior Deputy Attorney General, argued the cause for Attorney General of New Jersey (*Paula T. Dow,* Attorney General, attorney; *Melissa H. Raksa,* Assistant Attorney General, of counsel).

PER CURIAM.

In this appeal, we address a constitutional challenge to the statutorily mandated dismissal sanction of a tax appeal when a taxpayer has failed to respond to a municipal assessor's request for income information from the taxpayer pursuant to *N.J.S.A.* 54:4-34, or what is commonly referred to as a "Chapter 91 request." [1] According to plaintiff 1717 Realty Associates, LLC, the imposition of the tax appeal dismissal sanction "violate[s] the [Eighth] Amendment to the United States Constitution and Article [I], Section 1 (sic), [p]aragraph 12 of the New Jersey Constitution" because the difference purportedly resulting from the real estate tax bill actually issued and one informed and putatively

---

[1] That common name draws its genesis from the 1979 legislative amendment that first created the dismissal sanction "where the owner has failed or refused to respond to [the assessor's] written request for [income] information ... or shall have rendered a false or fraudulent account." *N.J.S.A.* 54:4-34. *See L.* 1979, *c.* 91, § 1 (amending *N.J.S.A.* 54:4-34). As noted in a case also decided today, its use has become commonplace. *Lucent Techs., Inc. v. Twp. of Berkeley Heights,* 201 *N.J.* 237, 240, 989 *A.2d* 844 (2010); *see also H.J. Bailey Co. v. Neptune Twp.,* 399 *N.J.Super.* 381, 944 *A.2d* 706 *passim* (App.Div.2008); *Thirty Mazel, LLC v. City of East Orange,* 24 *N.J. Tax* 357 *passim* (Tax 2009); *New Plan Realty Trust v. Brick Twp.,* 23 *N.J. Tax* 225 *passim* (Tax 2006).

reduced by plaintiff's admittedly tardy income information constitutes an "excessive fine."

Plaintiff owns a large, multi-tenant office building in Fair Lawn. On October 6, 2006, the tax assessor of defendant the Borough of Fair Lawn sent a Chapter 91 request to plaintiff that fully complied with the provisions of *N.J.S.A.* 54:4–34: it was mailed to plaintiff, via certified mail, at the address plaintiff had specified; it requested that plaintiff "render a full and true account of his name and real property and the income therefrom[;]" it provided plaintiff the statutorily prescribed forty-five days within which to respond to the information request; it warned plaintiff that the failure to respond to the information request in a timely manner would result in plaintiff's loss of the right to prosecute a tax appeal; and it enclosed a copy of the governing statute with the underscored and commonsense suggestion that plaintiff should read it.

Plaintiff failed to respond to the tax assessor's request for information, failed to make any inquiry of the tax assessor, and failed to seek any relief from the time limits for responding.[2] As a result, on March 9, 2007, five months after the request for information was sent to plaintiff, the tax assessor valued plaintiff's property for the year 2007 as follows: $13,608,000 for the land and $16,057,700 for the improvements, for a total valuation of $29,665,700.

On March 19, 2007, plaintiff filed a complaint in the Tax Court, challenging that assessment. As provided in *N.J.S.A.* 54:4–34, on September 11, 2007, defendant Borough of Fair Lawn timely

---

[2] *N.J.S.A.* 54:4–34 provides a safety valve for those taxpayers who, in good faith, are unable to respond to a Chapter 91 request in a timely manner. It provides that "[t]he county board of taxation may impose such terms and conditions for furnishing the requested information where it appears that the owner, for good cause shown, could not furnish the information within the required [forty-five day] period of time." *See Ocean Pines, Ltd. v. Borough of Point Pleasant,* 112 *N.J.* 1, 9, 547 A.2d 691 (1988) (stating that "[a] plaintiff's failure to respond in any fashion to the assessor's request precluded plaintiff from asserting a 'good cause' claim before the [county board of taxation]").

moved to dismiss plaintiff's complaint due to plaintiff's failure to comply with defendant's earlier Chapter 91 request.[3] On October 22, 2007, once the issues were joined, the Tax Court granted defendant's motion in part, ordering, in compliance with *Ocean Pines, Ltd. v. Borough of Point Pleasant*, 112 *N.J.* 1, 11, 547 *A.*2d 691 (1988), that "the hearing on plaintiff's [c]omplaint will be limited to the reasonableness of the assessor's valuation based upon the data available to the assessor and the methodology used by the assessor in arriving at his assessment." The Tax Court further ordered that "[p]laintiff is entitled to conduct an inquiry as to the reasonableness of the underlying data available to the assessor and the reasonableness of the methodology used by the assessor in arriving at the assessment[,]" also as required by *Ocean Pines, supra.* After providing a reasonable period for discovery, it also ordered that "[i]f the attorney for plaintiff fails to advise the Court that plaintiff intends to proceed with a reasonableness hearing by Jan[uary] 11, 2008, then, and in that event, plaintiff's [c]omplaint will be dismissed for lack of prosecution" and that "[i]f the attorney for plaintiff advises the Court that plaintiff intends to proceed with a reasonableness hearing, such hearing shall be held on Feb[ruary] 1, 2008 at 2[:00] p.m." [4]

On February 11, 2008, the Tax Court held a reasonableness hearing. After receiving the parties' proofs and the arguments of counsel, it ruled that

---

[3] Under *Rule* 8:7(e), "motions to dismiss for refusal or failure to comply with *N.J.S.A.* 54:4–34 shall be filed no later than the earlier of (1) 180 days after the filing of the complaint, or (2) 30 days before the trial date." Defendant's motion to dismiss was filed four days before the expiration of the 180-day period following the filing of the complaint and before a trial date had been set. The motion to dismiss was timely.

[4] On January 17, 2008, and due to plaintiff's apparent failure to request a reasonableness hearing by the January 11, 2008 deadline, the Tax Court issued an order dismissing plaintiff's tax appeal. Although the record is unclear as to whether plaintiff in fact made a timely request for a reasonableness hearing, defendant did not contest that assertion and the Tax Court relented and did conduct a full-fledged reasonableness hearing.

[p]laintiff has failed to establish that the assessment on the subject property could not reasonably have been arrived at in light of the data available to the assessor at the time of valuation, that is October 1, 2006 or even as of March 1, 2007, when the . . . tax assessor submitted his tax list to the County Board of Taxation.

The [p]laintiff has presented no evidence as [to] the reasonableness of the cost approach data used by the assessor or the revaluation company in determining the assessment on the subject property for tax year 2007 and although, as I've indicated, the cost approach is not the preferred methodology for valuing the subject property, [p]laintiff has failed to establish that the use of that approach was unreasonable for tax year 2007, in light of the information available to the assessor.

The Tax Court therefore concluded that "[p]laintiff has failed to carry the burden of persuasion imposed on it under *Ocean Pines[.]*" It held that plaintiff "has failed to establish that the assessment on the subject property for tax year 2007 could not have reasonably been arrived at in light of the data available to the assessor at the time of the valuation." By an order dated April 14, 2008, and based on the reasons placed on the record on February 11, 2008, the Tax Court (1) dismissed plaintiff's complaint with prejudice, and (2) affirmed the tax assessor's valuation and assessment of plaintiff's property.

Plaintiff appealed and the Appellate Division, in an unpublished opinion, rejected plaintiff's constitutional arguments and affirmed the Tax Court's judgment. The panel noted that, before it, "plaintiff argue[d] that the difference between the taxes that would have been due on a valuation of $20,180,000 and the Borough's valuation of $29,665,700 constitutes a 'fine' for failing to provide the information requested pursuant to *N.J.S.A.* 54:4-34." Expanding on plaintiff's arguments, it observed that, "[a]pplying the tax rate for 2007, this difference amounts to $192,559.71, which plaintiff contends is an 'excessive fine' prohibited by the Eighth Amendment of the United States Constitution and Article I, § 1, ¶ 12 of the New Jersey Constitution."

Expressly rejecting that argument, the panel held that "the actual tax bill to plaintiff is not a punishment." It explained that "[t]he tax bill is not a forfeiture or even a civil sanction. It is the amount reached by applying the municipal tax rate to the valuation made, in compliance with statute, based upon the information

available to the tax assessor." It concluded that "[t]he process and the data relied upon were both found to be reasonable by the Tax Court[,]" and that "[p]laintiff was not assessed any penalty or additional tax for its failure to comply with the Chapter 91 request." Reasoning that "[t]he application of *N.J.S.A.* 54:4–34 did not impose any additional tax upon plaintiff for its failure to comply[,]" the Appellate Division "conclude[d] that the statute as applied does not result in the imposition of an 'excessive fine' prohibited by the United States and New Jersey Constitutions."

Before this Court, plaintiff advances two principal arguments.[5] First, plaintiff argues that "the application of the appeal-preclusion sanction of *N.J.S.A.* 54:4–34 in the instant case violate[s] the [Eighth] Amendment to the United States Constitution and Article [I], Section 1(sic), [p]aragraph 12 of the New Jersey Constitution." Second, plaintiff asserts that "the Tax Court['s] and Appellate Division's determination that *N.J.S.A.* 54:4–34 does not impose an excessive fine [is] in contravention of the Supreme Court's decisions in *Austin v. United States[,* 509 *U.S.* 602, 113 *S.Ct.* 2801, 125 *L.Ed.*2d 488 (1993)] and *United States v. Bajakajian[,* 524 *U.S.* 321, 118 *S.Ct.* 2028, 141 *L.Ed.*2d 314 (1998)]."

Questions identical to those posed here by plaintiff were presented in *Davanne Realty v. Edison Township,* 200 *N.J.* 371, 982 *A.*2d 458 (2009), an appeal we also decide today.[6] In that case, we

_____

[5] Plaintiff also raises two secondary arguments. It asserts that its appeal should be considered "as of right" as it raises "a substantial constitutional question under *R.* 2:2–1(a)(1)[.]" That assertion is moot; the Court granted certification on plaintiff's alleged constitutional questions specifically in the form posed by plaintiff. *1717 Realty Assocs., LLC v. Borough of Fair Lawn,* 200 *N.J.* 371, 982 *A.*2d 458 (2009). It also asserts that "the discrepancy between the Appellate Division's opinions in the instant case and *Davanne Realty v. Edison Township,* [408 *N.J.Super.* 16, 972 *A.*2d 1164 (App.Div.2009)], warrant[s] reconciliation by this Court[.]" To the extent necessary, that assertion is comfortably laid to rest by the conclusions reached in this case.

[6] We note, for sake of completeness, that both plaintiff here and the plaintiff in *Davanne Realty* were represented by the same counsel, and the two cases were consolidated for oral argument purposes.

considered a published Appellate Division decision that rejected plaintiff's mirror-image excessive fines and forfeitures constitutional challenges. *Davanne Realty v. Edison Twp.*, 408 *N.J.Super.* 16, 972 *A.*2d 1164 (App.Div.2009), *certif. granted*, 200 *N.J.* 371, 982 *A.*2d 458 (2009). In an opinion also filed today, we affirmed the judgment of the Appellate Division based substantially on the reasons set forth in Judge Grall's thorough and thoughtful Appellate Division opinion. *Davanne Realty v. Edison Twp.*, 201 *N.J.* 280, 990 *A.*2d 639, 2010 WL 933869 (2010). We likewise affirm the judgment of the Appellate Division in this case based on our judgment in *Davanne Realty. Ibid.*

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.